IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BIG BINDER EXPRESS, LLC AND
RAYMOND GOODLIN                                             PLAINTIFFS

V.                                             CAUSE NO. 3:19-CV-022-MPM-RP

LIBERTY MUTUAL FIRE INSURANCE
COMPANY; KEITH GLOVER; AND
DAVIAN LEE, INDIVIDUALLY, AND
PERSONAL REPRESENTATIVE OF
GERALD GLOVER, DECEASED AND ON
BEHALF OF ALL THOSE ENTITLED TO
RECOVER UNDER THE WRONGFUL
DEATH AND SURVIVAL STATUTE                              DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

Big Binder Express, LLC and Raymond Goodlin, by and through counsel and pursuant to the *Federal Rules of Civil Procedure*, file this Complaint for Declaratory Judgment against Liberty Mutual Fire Insurance Company; Keith Glover; and Davian Lee, Individually, and Personal Representative of Gerald Glover, Deceased and on Behalf of All Those Entitled to Recover Under the Wrongful Death and Survival Statute, and in support thereof would show the Court the following:

### A. PARTIES

1. Plaintiff, Big Binder Express, LLC ("Big Binder"), is a limited liability company organized and existing under the laws of the State of Tennessee with its principal place of business in Union City, Obion County, Tennessee. The members of Big Binder are Tab Ross and Jeff Crabtree who are both adult resident citizens of the State of Tennessee.

2. Plaintiff, Raymond Goodlin ("Goodlin"), is an adult resident citizen of the State of Tennessee.

3. Defendant, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), is an insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Massachusetts, and may be served with process upon its registered agent for service of process, United States Corporation Company, at 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

4. Defendant, Keith Glover ("Glover"), is an adult resident citizen of the State of Mississippi who may be served with process at his residence address of 304 West Main Street, Mound Bayou, Mississippi 38762.

5. Defendant, Davian Lee ("Lee"), is an adult resident citizen of the State of Mississippi who may be served with process at his residence address of 1286 Highway 178 W Lott 112, New Albany, Mississippi 38652.

## B. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter based on there being complete diversity of citizenship between the parties and the amount in controversy exceeding the minimum jurisdictional amount of $75,000.00.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## C. STATEMENT OF FACTS

8. This Complaint for Declaratory Judgment relates to coverage for Plaintiffs, Big Binder and Goodlin, under the liability insurance coverage portion of a Commercial Automobile Insurance policy that Liberty Mutual issued to Darling Ingredients, Inc. ("Darling") and under which Big Binder and Goodlin are insureds, with respect to two civil suits pending in the United States District Court for the Northern District of Mississippi, Oxford Division: (1) "*Keith Glover v. Raymond Goodlin, Big Binder Express, LLC, Tri-State Idealease, Inc., and Darling*

*International, Inc.*," bearing Civil Action No. 3:18-cv-239-NBB-JMV ("the Keith Glover Suit"), and (2) "*Davian Lee, Individually, and Personal Representative of Gerald Glover, Deceased and on Behalf of All Those Entitled to Recover Under the Wrongful Death and Survival Statute v. Raymond Goodlin, Big Binder Express, LLC, Tri State Idealease, Inc., and Darling Ingredients, Inc. d/b/a Dar Pro*," bearing Civil Action No. 3:18-cv-124-MPM-JMV ("the Gerald Glover Suit"). Big Binder and Goodlin also are insureds with respect to three other potential claims, not in suit, arising out of the same accident and held by Robert L. Maugh, Jr., John H. Polk, and Margie Shields.

### 1. The Accident, Underlying Suits, and Alleged Claims Not In Suit

9. The Keith Glover Suit and the Gerald Glover Suit (collectively "the Underlying Suits") arise out of an automobile accident which occurred on Highway 61 in DeSoto County, Mississippi, on May 14, 2018, involving a vehicle driven by Gerald Glover and in which Keith Glover was a passenger, and a tractor-trailer driven by Goodlin who was operating the tractor-trailer within the course and scope of his employment with Big Binder. (*See* Keith Glover Second Amended Complaint, Exhibit "A"; Gerald Glover Fourth Amended Complaint, Exhibit "B".)

10. The tractor driven by Goodlin at the time of the accident was leased to Big Binder by its owner, Tri-State Idealease, Inc. ("Tri-State").

11. The trailer connected to the tractor driven by Goodlin at the time of the accident was leased to Big Binder by its owner, Darling Ingredients, Inc. ("Darling").

12. The Underlying Suits allege that the accident occurred as a result of Goodlin's negligence and that at the time of the accident Goodlin was acting as an agent, servant, and/or employee of Big Binder, Tri-State, and Darling. (*See* Keith Glover Second Amended Complaint, Exhibit "A"; Gerald Glover Fourth Amended Complaint, Exhibit "B".)

13. The Underlying Suits further allege that Keith Glover and Gerald Glover were severely injured as a result of the accident and that Gerald Glover died as a result of his injuries. (*See* Keith Glover Second Amended Complaint, Exhibit "A"; Gerald Glover Fourth Amended Complaint, Exhibit "B".)

14. In addition, three other persons (Robert L. Maugh, Jr., John H. Polk, and Margie Shields) allegedly sustained some injuries in the accident, the nature and extent of which are unknown to Plaintiffs herein, comprising potential claims as to which no suit has been filed. Such persons are not necessary parties to this action inasmuch as the relief sought by Plaintiffs in this declaratory judgment action, if granted by the Court, would be legally binding on Liberty Mutual as to such persons.

## 2. Applicable Insurance Policies

15. Northland Insurance Company ("Northland") issued Commercial Insurance Policy No. WF000361 ("the Northland Policy") to Big Binder for the policy period of February 24, 2018 to February 24, 2019. (*See* Northland Policy Declarations, Exhibit "C".)

16. The Northland Policy provides applicable limits of liability of $1 Million per accident. (*See* Northland Policy Declarations, Exhibit "C".)

17. At this time, Northland is providing a defense to Big Binder and Goodlin in the Underlying Lawsuits.

18. Liberty Mutual issued to Darling Commercial Auto Policy No. AS2-681-025265-017 ("the Liberty Mutual Policy") issued for the policy period of June 1, 2017 to June 1, 2018. (*See* Liberty Mutual Policy, at p. 1.) The Liberty Mutual Policy is not attached as an exhibit to this Complaint for Declaratory Judgment as it has been marked "CONFIDENTIAL" by Darling in its document production in the Underlying Suits. That stated, all parties to this action already are

4

in possession of the Liberty Mutual Policy, and it will otherwise be made available to all parties and the Court pursuant to the terms of a protective order.

19. The Liberty Mutual Policy provides applicable limits of liability of $2 Million per accident. (*See* Liberty Mutual Policy, at p. 2.)

20. Big Binder and Goodlin are insureds under the Liberty Mutual Policy with respect to the claims asserted against them in the Underlying Suits, as well as the three potential claims not in suit. (*See* Liberty Mutual Policy, at pp. 358-59.)

### 3. Liberty Mutual's Coverage Position

21. On October 4, 2018, Liberty Mutual advised Northland that Big Binder and Goodlin "may be entitled to indemnity for the Lawsuits filed against them under the Policy, subject to the liability limits of the Policy and the following reservation of rights." (*See* James Dowlearn Letter of 10/4/18, Exhibit "D", at p. 2.) Specifically, the Liberty Mutual letter advised as follows:

> We list below the grounds under which some or all aspects of the Lawsuit may not be covered under the Policy. We fully and completely reserve our rights under the Policy and applicable law to decline insurance coverage under such provisions at a later date as warranted. In addition, it is our intent to incorporate by reference all of the terms of the Policy through this reservation of rights. Based upon the information available to date, the grounds for our reservation of rights under the Policy, or under applicable law, with respect to the Lawsuit, include, but are not limited to, the following:
>
> - Goodlin is entitled to indemnity under the Policy but any indemnity coverage afforded to him under the Policy is excess over any indemnity coverage afforded to him by Northland and any other insurer providing coverage to BBE for the Lawsuits.
>
> - BBE is entitled to indemnity under the Policy but such indemnity coverage is (1) excess over any indemnity coverage afforded to it by Northland and any other insurer providing coverage to it for the Lawsuits and (2) is limited to any amounts imposed upon BBE for its vicarious liability for Goodlin's negligence. BBE is not entitled to indemnity under the Policy for its direct negligent hiring, retention, training or other types of negligence.

5

- The Policy does not provide insurance coverage for this matter to the extent that it seeks punitive damages that are uninsurable under the law of the applicable jurisdiction and/or to the extent that such damages are not awarded based upon otherwise covered damages. Further, any such coverage would be subject to any applicable statutory or other cap or limitation on such damages.

(*See* James Dowlearn Letter of 10/4/18, Exhibit "D", at p. 4.) The Liberty Mutual letter also advised the following: "We reserve the right to seek reimbursement for any payments made in connection with the indemnification of uncovered claims." (*See* James Dowlearn Letter of 10/4/18, Exhibit "D", at p. 4.)

22. Northland has agreed to tender its $1 Million policy limits toward a global settlement of all claims arising out of the underlying accident; however, the claimants have thus far refused to accept Northland's policy limits in settlement. (*See* Steve Conley Letter of 12/12/18, Exhibit "E"; Richmond Culp Letter of 1/9/19, Exhibit "F".) Although Liberty Mutual in its October 4, 2018 letter to Northland acknowledged that Big Binder and Goodlin are "entitled to indemnity under the [Liberty Mutual] policy," it has taken the position that such indemnity coverage under that Policy is "excess over any indemnity coverage afforded to [them] by Northland." (*See* James Dowlearn Letter of 10/4/18, Exhibit "D", at p. 2.) As such, and out of concern of their personal liability excess exposure in the two Underlying Lawsuits, Big Binder and Goodlin requested Liberty Mutual to attend and participate in a mediation of the two Underlying Lawsuits for the purpose of negotiating and contributing indemnity payments towards a settlement with the plaintiffs in the Underlying Suits and any and all other claimants within the $2 Million limits of the Liberty Mutual Policy. (*See* Steve Conley Letter of 12/12/18, Exhibit "E"; Richmond Culp Letter of 1/9/19, Exhibit "F".)

23. By email to their defense counsel, Liberty Mutual advised its insureds Big Binder and Goodlin that the Liberty Mutual Policy contains a $1 Million contract deductible which is not

6

satisfied by Northland's tender of its $1 Million policy limits. (*See* James Dowlearn Email of 1/16/19, Exhibit "G".) However, no mention of the applicability of the $1 Million deductible was included in Liberty Mutual's October 4, 2018 reservation of rights letter sent to Northland, referenced above. (*See* James Dowlearn Letter of 10/4/18, attached as Exhibit "D".)

24. In addition, Liberty Mutual has not issued any reservation of rights letter to its insureds Big Binder and Goodlin. Liberty Mutual's only correspondence with Big Binder and Goodlin solely consists of James Dowlearn's January 16, 2019 email to Big Binder's and Goodlin's defense counsel, referenced above, in which Liberty Mutual stated that Northland's policy limits of "$1M does not serve to satisfy the contract deductible of the Liberty issued policy." Therefore, with respect to Big Binder and Goodlin and under these circumstances, Liberty Mutual has waived and/or is estopped from asserting any reservation of rights, denials of coverage, or coverage defenses pertaining to the Underlying Lawsuits.

### D. BIG BINDER AND GOODLIN'S POSITION

25. Liberty Mutual's position as to the applicability of the $1 Million deductible to the underlying claims against Big Binder and Goodlin is without merit and unenforceable.

26. The $1 Million deductible upon which Liberty Mutual relies is found in the "Damages and Supplementary Payments Deductible – All Coverage" endorsement in the Liberty Mutual Policy, providing in pertinent part as follows:

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

SCHEDULE

| | | |
|---|---|---|
| All Coverage and Supplementary Payments each "loss" | $1,000,000.00 | Deductible Amount "accident" and/or |
| Aggregate Deductible Amount for all "accidents" and "loss" during the policy period | $**[BLANK]** or a rate of **[BLANK]** per **[BLANK]**, whichever is greater. | |

Applicable Policies:

**[BLANK – NO "APPLICABLE POLICIES" LISTED]**

1. You are responsible, up to the Deductible Amount shown in the Schedule, for the total of:

    a. All payments for damages and/or "loss", as applicable, for any coverage provided by a policy listed under Applicable Policies in the Schedule; plus

    b. All Supplementary Payments under such policy.

***

(*See* Liberty Mutual Policy, at p. 30.)

27. As quoted above, the "Damages and Supplementary Payments Deductible – All Coverage" endorsement states: "**You** are responsible, up to the Deductible Amount shown in the Schedule . . . ." (*See* Liberty Mutual Policy, at p. 30 [emphasis added].) The Liberty Mutual Policy defines the word "You" as follows: "**Throughout this policy** the words 'you' and 'your' refer to the Named Insured shown in the Declarations." (*See* Liberty Mutual Policy, at p. 357 [emphasis added].) Darling is the only Named Insured shown in the Declarations of the Liberty Mutual Policy. (*See* Liberty Mutual Policy, at p. 1.) Neither Big Binder nor Goodlin are Named Insureds under the Liberty Mutual Policy. As such, even if the "Damages and Supplementary

Payments Deductible – All Coverage" endorsement was enforceable, which as shown below it is not, the alleged deductible does not apply to either Big Binder or Goodlin.

28. Also as quoted above, the "Damages and Supplementary Payments Deductible – All Coverage" endorsement states: "You are responsible, up to the Deductible Amount shown in the Schedule, for the total of: a. All payments for damages and/or "loss", as applicable, for any coverage provided by **a policy listed under Applicable Policies in the Schedule**; plus b. All Supplementary Payments under **such policy**." (*See* Liberty Mutual Policy, at p. 30 [formatting altered] [emphasis added].) As shown above, the endorsement does not list any policy under "Applicable Policies in the Schedule." Instead, the endorsement is totally blank under "Applicable Policies." As such, even if the "Damages and Supplementary Payments Deductible – All Coverage" endorsement were applicable to Big Binder and Goodlin, which it is not, because there are no policies "listed under Applicable Policies in the Schedule," neither Big Binder nor Goodlin would be responsible for payment of any deductible for any damages or "loss" up to the "Deductible Amount."

29. Furthermore, even if the "Damages and Supplementary Payments Deductible – All Coverage" endorsement applied to Big Binder and Goodlin, which it does not, and even if Big Binder and Goodlin were "responsible" for payment of any damages and/or "loss" up to the "Deductible Amount," which they are not, the endorsement nonetheless does not require or specify that actual "payment" of the (inapplicable) deductible personally be made by Big Binder or Goodlin. Moreover, as the endorsement is written, there is no language requiring even the named insured, Darling, personally to pay a deductible. Instead, the (inapplicable) endorsement states only that the named insured (i.e., see Paragraph 24 above) is "**responsible**, up to the Deductible Amount shown in the Schedule, for the total of . . . [a]ll payments for damages and/or 'loss', as

9

applicable . . . ." (*See* Liberty Mutual Policy, at p. 30 [formatting altered] [emphasis added].) As such, Northland's $1 Million policy limits that have been tendered, if paid, would satisfy the $1 Million "Deductible Amount" stated in the endorsement, because such payment, if made, would satisfy the named insured's "responsibility." To the extent Liberty Mutual in error claims that the endorsement applies to Big Binder and Goodlin, the same result would apply to them.

30. In the alternative and even though the endorsement is neither applicable nor enforceable, Big Binder and Goodlin incorporate by reference the allegations contained in Paragraph 29 above and assert that the endorsement is vague and ambiguous in that the endorsement reasonably can be construed as not requiring Big Binder or Goodlin personally to pay the deductible, but that any "responsibility" to pay the deductible would be satisfied by Northland's payment of its $1 Million liability limits tendered on behalf of its insureds, Big Binder and Goodlin, as the result of settlement or any judgments rendered against them in the Underlying Lawsuits (including claims as of yet not asserted). As such, the doctrine of *Contra Proferentem* applies and the ambiguity must be construed against Liberty Mutual and in favor of Big Binder and Goodlin as reasonably construed in the foregoing manner.

31. If, as it claims, Liberty Mutual's Policy provides Plaintiffs' excess liability insurance coverage applicable to the Underlying Lawsuits, in light of the foregoing neither Big Binder nor Goodlin are responsible for payment of a "deductible" or any other amount for damages and/or "loss" in excess of the $1 Million limits of the Northland Policy. Instead, Liberty Mutual's $2 Million layer of liability coverage for Big Binder and Goodlin is triggered and therefore available for indemnity to Plaintiffs.

32. As alleged in Paragraph 21 above, in its October 4, 2018 letter (Exhibit "D"), Liberty Mutual advised Northland, "We reserve the right to seek reimbursement [from Big Binder

and/or Goodlin] for any payments made in connection with the indemnification of uncovered claims." Liberty Mutual as a matter of law is not entitled to such reimbursement or recoupment. In the alternative, because Liberty Mutual has waived and/or is estopped from asserting "uncovered claims" as against Big Binder and Goodlin (see Paragraph 24 above), Liberty Mutual is not entitled to seek any reimbursement or recoupment for any indemnification payments made on behalf of Plaintiffs herein.

### D. DECLARATORY JUDGMENT

33. Big Binder and Goodlin respectfully request the Court to enter a judgment declaring the following:

    a. The $1 Million Deductible Amount contained in the Damages and Supplementary Payments Deductible – All Coverage endorsement to the Liberty Mutual Policy does not apply to, nor is enforceable against, Big Binder or Goodlin;

    b. Neither Big Binder nor Goodlin are responsible for payment of any deductible or any other amount under the Liberty Mutual Policy for damages and/or "loss" in excess of the $1 Million limits of the Northland Policy;

    c. Alternatively, Northland's payment of its $1 Million limits of liability satisfies any responsibility of Big Binder and Goodwin to pay any deductible under the Liberty Mutual Policy;

    d. The Liberty Mutual Policy insures and provides indemnity to Big Binder and Goodlin for liability up to $2 Million with respect to the two Underlying Lawsuits and all other potential claims not yet in suit, and that such liability

and indemnity coverage is triggered;

e. That Liberty Mutual has waived and/or is estopped to assert any reservation of rights, denials of coverage, or coverage defenses with respect to the potential liability of Big Binder and Goodlin for all claims arising from the May 14, 2018 accident, including, but not limited to, the claims asserted in the Underlying Lawsuits; and

f. That Liberty Mutual cannot and is not entitled to recoupment or reimbursement in any amount for indemnification payments made on behalf of Big Binder and Goodlin.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Big Binder and Goodlin respectfully requests that the Court adjudicate the rights and obligations of the parties in this matter and enter a declaratory judgment against the Defendants declaring as follows: (a) The $1 Million Deductible Amount contained in the Damages and Supplementary Payments Deductible – All Coverage endorsement to the Liberty Mutual Policy does not apply to, nor is enforceable against, Big Binder or Goodlin; (b) Neither Big Binder nor Goodlin are responsible for payment of any deductible or any other amount under the Liberty Mutual Policy for damages and/or "loss" in excess of the $1 Million limits of the Northland Policy; (c) Alternatively, Northland's payment of its $1 Million limits of liability satisfies any responsibility of Big Binder and Goodwin to pay any deductible under the Liberty Mutual Policy; (d) The Liberty Mutual Policy insures and provides indemnity to Big Binder and Goodlin for liability up to $2 Million with respect to the two Underlying Lawsuits, and that such liability and indemnity coverage is triggered; (e) Liberty Mutual has waived and/or is estopped to assert any reservation of rights, denials of coverage, or coverage defenses with respect to the potential liability of Big Binder and Goodlin for all claims

arising from the May 14, 2018 accident, including, but not limited to, the claims asserted in the Underlying Lawsuits; and (f) Liberty Mutual cannot and is not entitled to recoupment or reimbursement in any amount for indemnification payments made on behalf of Big Binder and Goodlin. Big Binder and Goodlin further request the Court provide them with any and all other appropriate relief under the circumstances.

This the 5th day of February, 2019.

Respectfully submitted,

**BIG BINDER EXPRESS, LLC and RAYMOND GOODLIN**

BY: /s/Joseph W. Gill
EDWARD J. CURRIE, JR. (MSB #5546)
JOSEPH W. GILL (MSB #102606)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Telecopier: (601) 969-5120
ecurrie@curriejohnson.com
jgill@curriejohnson.com

arising from the May 14, 2018 accident, including, but not limited to, the claims asserted in the Underlying Lawsuits; and (f) Liberty Mutual cannot and is not entitled to recoupment or reimbursement in any amount for indemnification payments made on behalf of Big Binder and Goodlin. Big Binder and Goodlin further request the Court provide them with any and all other appropriate relief under the circumstances.

This the 5th day of February, 2019.

Respectfully submitted,

**BIG BINDER EXPRESS, LLC and RAYMOND GOODLIN**

BY: /s/Joseph W. Gill
EDWARD J. CURRIE, JR. (MSB #5546)
JOSEPH W. GILL (MSB #102606)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Telecopier: (601) 969-5120
ecurrie@curriejohnson.com
jgill@curriejohnson.com