IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BIG BINDER EXPRESS, LLC AND
RAYMOND GOODLIN                                                                                   PLAINTIFFS

vs.                                                                CIVIL ACTION NO.: 3:19-cv-022-MPM-RP

LIBERTY MUTUAL FIRE INSURANCE
COMPANY; KEITH GLOVER; AND
DAVIAN LEE, INDIVIDUALLY, AND
PERSONAL REPRESENTATIVE OF
GERALD GLOVER, DECEASED AND ON
BEHALF OF ALL THOSE ENTITLED TO
RECOVER UNDER THE WRONGFUL
DEATH AND SURVIVAL STATUTE                                                                        DEFENDANTS

## ANSWER AND DEFENSES OF LIBERTY MUTUAL FIRE INSURANCE COMPANY

Defendant Liberty Mutual Fire Insurance Company (hereinafter sometimes referred to as "Defendant" or "Liberty"), by and through counsel, hereby files this Answer and Defenses to the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which any relief can be granted.

### SECOND DEFENSE

Answering the allegations of the Complaint, paragraph by paragraph, Defendant would allege and show as follows:

1. Defendant admits the first sentence of paragraph 1. It is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1 but admits the same subject to additional discovery.

2. Admitted.

3. Admitted.

1

4. Admitted on information and belief.

5. Admitted on information and belief.

6. Admitted.

7. Admitted.

8. Defendant admits that the Complaint for Declaratory Judgment relates to coverage for Plaintiffs under the liability insurance coverage portion of a certain Business Auto Policy issued by Defendant to Darling Ingredients, Inc. ("Darling") (hereafter referred to as "The Policy"). Defendant further admits that Plaintiffs are considered additional insureds under said policy with respect to certain claims raised in the two referenced lawsuits and certain potential claims of the three other referenced potential claimants, subject to the terms and conditions of The Policy. The remaining allegations of paragraph 8, if any, are denied.

9. Defendant is without sufficient information to fully admit or deny that Plaintiff Goodlin operated the subject tractor-trailer within the course and scope of his employment with Big Binder but admits the same subject to additional discovery. The remaining portions of paragraph 9 are admitted.

10. Defendant is without sufficient information to fully admit or deny the allegations of paragraph 10 but admits the same subject to additional discovery.

11. Admitted.

12. Defendant denies that both referenced complaints allege that at the time of the accident Goodlin was acting as a servant of Big Binder, Tri-State, and Darling. It is admitted that the Underlying Suits raise the remaining allegations of paragraph 12.

13. Admitted.

14. Defendant admits the allegations of the first sentence of paragraph 14. The remaining portions of this paragraph raise no factual assertions and require no response. To the extent factual allegations are raised against Defendant they are denied.

15. Admitted on information and belief.

16. Admitted on information and belief.

17. Admitted on information and belief.

18. Defendant admits the first sentence of paragraph 18. The remaining portions of this paragraph raise no factual assertions and require no response. To the extent factual allegations are raised against Defendant they are denied.

19. The allegations of paragraph 19 are vague and incomplete and are therefore denied. The Policy speaks for itself.

20. Defendant admits that Plaintiffs are additional insureds under The Policy with respect to certain claims raised in the two referenced lawsuits and certain potential claims of the three other referenced potential claimants, subject to the terms and conditions of The Policy. Any other allegations raised in this paragraph against Defendant are denied.

21. The allegations of paragraph 21 are incomplete and therefore denied. The referenced letter speaks for itself.

22. The allegations of paragraph 22 are incomplete and therefore denied. The referenced letters speak for themselves.

23. The allegations of paragraph 23 are incomplete and therefore denied. The referenced letters speak for themselves.

24. The allegations of paragraph 24 are denied. Additionally, the description of the referenced letter is incomplete. The referenced letter speaks for itself.

25. Denied.

26. The allegations of paragraph 26 are incomplete and therefore denied. The Policy speaks for itself.

27. Defendant admits that neither Plaintiffs are Named Insureds under The Policy. Defendant denies the allegations of the last sentence of paragraph 27. The remaining allegations of this paragraph are incomplete and are therefore denied. The Policy speaks for itself.

28. All allegations of paragraph 28 describing portions of The Policy are incomplete and therefore denied. The Policy speaks for itself. The remaining portions of this paragraph are denied.

29. The allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are denied.

32. All allegations of paragraph 32 describing portions of the referenced letter are incomplete and therefore denied. The referenced letter speaks for itself. The remaining allegations of this paragraph are denied.

33. Defendant admits that Plaintiffs request the relief described in paragraph 33, including all subparts thereto, but denies that Plaintiffs are entitled to the requested relief.

Defendant admits that Plaintiffs request the relief described in the unnumbered paragraph following Paragraph 33 of the Complaint beginning with "WHEREFORE," including all subparts thereto, but denies that Plaintiffs are entitled to the requested relief. Defendant also denies all allegations of the Complaint not specifically admitted herein.

### THIRD DEFENSE

The Plaintiffs' claims are subject to the terms, exclusions, conditions, limits and other provisions of the applicable policy, all of which are incorporated herein by reference.

**FOURTH DEFENSE**

All or part of the sums for which Plaintiffs seek coverage may be precluded by the applicable provisions, terms, conditions, limitations and exclusions of the applicable policy, all of which are incorporated herein by reference, and/or by express provision of law.

**FIFTH DEFENSE**

The Policy's applicable limits of liability and/or aggregate limits specify the most Defendant is obligated to pay on a covered claim and/or accident and are incorporated herein in their entirety.

**SIXTH DEFENSE**

To the extent Defendant has liability indemnity coverage under The Policy for the subject accident, Defendant's coverage provides excess coverage over and above any applicable primary coverage available to Plaintiffs.

**SEVENTH DEFENSE**

Defendant asserts all rights of credit, set off and/or contribution which it may have under The Policy and/or law.

**EIGHTH DEFENSE**

Defendant's obligations under The Policy are subject to The Policy's coinsurance, other insurance and/or deductible provisions.

**NINETH DEFENSE**

With regard to its obligations under The Policy, Defendant invokes and incorporates all defenses, procedures and limitations available under the laws and/or rules of the applicable jurisdiction.

**TENTH DEFENSE**

With regard to the subject accident, Defendant's indemnity obligations to Big Binder Express, LLC, are limited under The Policy to Big Binder Express, LLC's vicarious liability for the alleged negligence of Plaintiff Raymond Goodlin. Big Binder Express, LLC, is not entitled to indemnity under The Policy for its direct negligent hiring, retention, training, and/or maintenance or other types of direct negligence.

**ELEVENTH DEFENSE**

Defendant's obligations to provide insurance coverage for punitive damages are limited to the extent that punitive damages are uninsurable under the law of the applicable jurisdiction and/or to the extent that such damages are not awarded based upon otherwise covered damages. Further, any such coverage would be subject to any applicable statutory or other cap or limitation on such damages.

**TWELFTH DEFENSE**

Defendant's obligations under The Policy are subject to any applicable statutory or other cap or limitation on damages.

**THIRTEENTH DEFENSE**

Pursuant to The Policy's terms, the applicable limit of insurance is reduced by the amount paid or payable within the Deductible Amount.

**FOURTEENTH DEFENSE**

Pursuant to The Policy's terms, the Deductible Amount is not satisfied by the tender or payment of funds by a primary carrier.

**FIFTEENTH DEFENSE**

Pursuant to The Policy's terms, to the extent Defendant advances any portion or all of the Deductible Amount, the exercise of that right shall not create any obligations or be construed as

giving rise to any course of dealing nor be construed as a waiver or estoppel of Defendant's rights under The Policy.

**SIXTEENTH DEFENSE**

To the extent applicable, alleged waiver and/or estoppel may not be utilized to expand or create coverage The Policy.   Furthermore, there is no prejudice from the alleged waiver or estoppel.

**SEVENTEENTH DEFENSE**

Defendant adopts and incorporates by reference any other defense or affirmative defense referred to in Fed. R. Civ. P. 8(c) or 12 which may hereafter become applicable to the Plaintiffs' claims.

**EIGHTEENTH DEFENSE**

The denomination of any matter above as a defense or affirmative defense is not an admission that Defendant bears the burden of persuasion, burden of proof, or burden of producing evidence with respect to any such matter.

AND NOW, having fully answered the allegations of the Complaint filed against it herein, Defendant requests that the Court rule in its favor on the issued raised herein, that the Complaint be dismissed with prejudice and that it be awarded its costs.

THIS, the 14th day of March, 2019.

                         Respectfully submitted,

                         **LIBERTY MUTUAL FIRE INSURANCE COMPANY**

By:   */s/ Gregg A. Caraway*
        Gregg A. Caraway (MSB #8443)
        Clifford K. Bailey, III (MSB #1686)
        *Its Attorneys*

**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Post Office Box 131
Jackson, MS 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
Email: gcaraway@wellsmar.com
fbailey@wellsmar.com

## CERTIFICATE OF SERVICE

I, Gregg A. Caraway, do hereby certify that I have this day filed the foregoing *Answer* with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

THIS, the 14th day of March, 2019.

 */s/ Gregg A. Caraway*
Gregg A. Caraway