# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| **BIG BINDER EXPRESS, LLC AND RAYMOND GOODLIN,** | **PLAINTIFFS** |
| V. | **NO: 3:19CV22-M-P** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY; KEITH GLOVER; AND DAVIAN LEE, INDIVIDUALLY, AND PERSONAL REPRESENTATIVE OF GERALD GLOVER, DECEASED AND ON BEHALF OF ALL THOSE ENTITLED TO RECOVER UNDER THE WRONGFUL DEATH AND SURVIVAL STATUTE** | **DEFENDANTS** |
| **DARLING INGREDIENTS, INC.** | **INTERVENOR** |

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Plaintiffs' motion for summary judgment [18], Defendant Liberty Mutual Fire Insurance Company's motion for summary judgment [34], and Intervenor's motion for summary judgment [55]. The Court, having considered the memoranda and submissions of the parties, along with relevant case law and evidence, is now prepared to rule.

### Factual Background

This case hinges on the interpretation of an endorsement to insurance policy number AS2-681-025265-017 ("Liberty Mutual policy") issued by Liberty Mutual Fire Insurance Company ("Liberty Mutual") to Darling Ingredients, Inc. ("Darling") for the effective dates of June 1, 2017 to June 1, 2018. The Liberty Mutual policy at issue provides liability policy limits of $2,000,000.

Darling and Big Binder Express, LLC ("Big Binder") entered into a contract in October 2014, wherein Big Binder agreed to provide trucking services for Darling as an independent contractor. To satisfy their contract, Big Binder carried primary insurance through Northland Insurance Company on which it was the named insured, with a liability limit of $1,000,000 per occurrence ("Northland policy"). In addition, Big Binder was added as an additional insured to Darling's aforementioned Liberty Mutual policy.

While providing trucking services for Darling, on May 14, 2018, Plaintiff Raymond Goodlin, an employee of Big Binder, was involved in a motor vehicle accident with a car carrying five occupants. The accident resulted in the death of one and the bodily injury of the four others. Two occupants of the car brought suit against Goodlin and Big Binder, which led to the discovery of a dispute regarding the interplay between the Northland policy, the Liberty Mutual policy and the deductible endorsement of the Liberty Mutual policy. It should be noted however, it is undisputed between the parties that the Northland policy is the primary layer of coverage in this matter.

As a result of this dispute, on February 5, 2019, Big Binder and Goodlin filed a declaratory judgment action. Darling then intervened on March 28, 2019 based upon its status as the named insured on the policy at issue. Shortly thereafter, the Plaintiffs, Liberty Mutual and Darling all filed separate motions for summary judgment. As none of the parties contested the application of Texas law to the interpretation of the insurance policy, this Court will apply Texas law to determine the substantive issues at hand[1]. There are three overarching questions raised in the motions, which when answered, will resolve all of the ancillary issues:

---

1  This is based upon the fact that the policy was negotiated in Texas, through a Texas broker, and was delivered to a

I.     Is the Liberty Mutual deductible endorsement enforceable as written?
II.    Is Liberty Mutual entitled to repayment for any payments it makes on behalf of Big Binder, Goodlin or Darling?
III.   Is Big Binder required to indemnify Darling for all attorneys' fees and expenses stemming from this action under its Contractor Agreement?

**Discussion**

**I.     Is the Liberty Mutual deductible endorsement enforceable as written?**

Texas courts clearly view insurance policies and indemnity agreements as contracts and general rules of contract interpretation apply. *Travelers Lloyds Inc. Co. v. Pacific Employers Ins. Co,* 602 F.3d 677, 681 (5th. Cir. 2010). Further, the terms of an insurance policy are unambiguous as a matter of law if they have "definite or certain legal meaning". *Id*, citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Industries, Inc.,* 907 S.W.2d 217, 520 (Tex. 1995). If the court finds no ambiguity in the terms, the court's duty is to enforce the policy according to its plain meaning. *Travelers Lloyds Inc. Co. v. Pacific Employers Ins. Co,* 602 F.3d 677, 681 (5th. Cir. 2010); citing *Puckett v. United States Fire Ins. Co.,* 678 S.W.2d 936, 938 (Tex.1984).

The Court attaches herein Doc. 55 Exhibit D, being the deductible endorsement to the Liberty Mutual policy.

---

Texas address.

Policy Number: AS2-681-025265-017
Issued by: Liberty Mutual Fire Insurance Co.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

DAMAGES AND SUPPLEMENTARY PAYMENTS DEDUCTIBLE – ALL COVERAGE

This endorsement modifies insurance provided under the following:

BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

SCHEDULE

| | | | |
|---|---|---|---|
| All Coverage and Supplementary Payments | $1,000,000 | | Deductible Amount each "accident" and/or "loss" |
| Aggregate Deductible Amount for all "accidents" and "loss" during the policy period | $ | or a rate of      per      | , whichever is greater. |

Applicable Policies:

1. You are responsible, up to the Deductible Amount shown in the Schedule, for the total of:

   a. All payments for damages and/or "loss", as applicable, for any coverage provided by a policy listed under Applicable Policies in the Schedule; plus

   b. All Supplementary Payments under such policy.

   If a single "accident" and/or "loss" is covered by more than one policy listed in Applicable Policies, your responsibility for damages, and/or "loss" and Supplementary Payments will not exceed the Deductible Amount shown above.

   The Aggregate Deductible Amount is the most you must pay for all "accidents" and "losses" during the policy period. The Aggregate Deductible Amount will not be reduced even if the policy is cancelled by you or by us before the end of the policy period.

2. We are responsible for those amounts of damages, "loss", and Supplementary Payments to which this insurance applies and subject to the applicable limits of insurance that exceed the Deductible Amount shown in the Schedule. The applicable limit of insurance is reduced by the amount of damages and/or "loss" paid or payable by you within the Deductible Amount.

3. All other terms of the policy, including those with respect to:

   a. Our rights and duties with respect to the defense of "suits"; and

   b. Your duties in the event of an "accident" or "loss" apply irrespective of the application of the Deductible Amount.

**EXHIBIT D**

AC 03 01 12 14         © 2014 Liberty Mutual Insurance. All rights reserved.         Page 1 of 2

4

The analysis of two elements of the deductible endorsement determine the outcome. First, is the "Applicable Policies" section of the endorsement, which was left blank by Liberty Mutual. The second item, numbered as "1," states:

> You are responsible, up to the Deductible Amount shown in the Schedule, for the total of:
>     a. All payments for damages and/or 'loss,' as applicable, for any coverage **provided by a policy listed under Applicable Policies in the Schedule;** plus
>     b. All Supplementary Payments under such policy.

There is no ambiguity in this policy endorsement as written. Thus, a review of extrinsic evidence is not necessary. A plain reading of the document, as drafted by Liberty Mutual, states that the insured is only responsible up to the deductible amount shown for any coverage explicitly listed under the "Applicable Policies" section on the endorsement page. The Court then looks to the Applicable Policies heading on the endorsement page and finds an absence of any specifically named policy. Again, since the policy, on its face, is not ambiguous, the Court finds that review of extrinsic evidence is unnecessary.

This Court finds that the deductible enforcement as written in Liberty Mutual policy number AS2-681-025265-017 does not require a payment of a deductible by its insured Darling, or its additional insureds, Big Binder and Goodlin. As a result, this finding by the Court renders moot whether:

- Northland's tender of its policy limits satisfies the deductible[2],
- Liberty Mutual is entitled to repayment for any portion of the deductible it pays[3],
- The deductible obligation only applies to damage awards and not voluntary settlement payments[4],

---

2 Relief sought in [18] and [34].
3 Relief sought in [34].
4 Relief sought in [55].

5

- The deductible is enforceable when an insurance company tenders the alleged deductible without consent of the insured[5], and
- Big Binder is contractually obligated to indemnify Darling for the payment of the deductible[6].

It should be noted that the enforceability of the deductible endorsement does not alter the Court's plain reading of the amount of liability coverage provided to the insureds on the Liberty Mutual policy declarations page. As a result, this Court finds that the insured and additional insureds are entitled to the full $2,000,000 in liability coverage as explicitly provided for in the Liberty Mutual policy.

## II. Is Liberty Mutual entitled to repayment for any payments it makes on behalf of Big Binder, Goodlin or Darling?

In its motion, the Plaintiffs argue that Liberty Mutual is not entitled to "any reimbursement or recoupment of any amounts it pays on behalf of its insureds." [19, pg. 14]. In its response, Liberty Mutual argues that its policy language explicitly provides for the recoupment of any deductible advanced by it[7] and notes in its footnote that the expanded argument by Plaintiffs regarding indemnity for a paid loss that Liberty Mutual considers uncovered is outside of the scope of the facts before us in this matter. Therefore, the Court finds that any determination regarding recoupment of a deductible payment advanced by Liberty Mutual, within this set of facts, is moot in light of the Court's finding that the deductible endorsement does not create any obligation for the insured or additional insureds to pay a deductible. Further, any indemnity obligation for payment of an uncovered loss is not ripe at this time.

---

5  Relief sought in [55].
6  Relief sought in [55].
7  [33, pg. 20-21].

### III. Is Big Binder required to indemnify Darling for all attorneys' fees and expenses stemming from this action?

This question regarding indemnity obligations by Big Binder is governed by the Contractor Agreement between Darling and Big Binder. The Contractor Agreement states that the agreement is governed by the laws of the Commonwealth of Kentucky. As such, this Court will apply Kentucky substantive law to the legal question before it regarding the contract between the Plaintiff and Intervenor.

The general rule in Kentucky provides that "the interpretation of a contract . . . is a question of law for the courts[,]" *Neighborhood Investments, LLC v. Kentucky Farm Bureau Mutual Insurance Company*, 430 S.W.3d 248, 250 (Ky. App. 2014), and "[i]n the absence of ambiguity a written instrument will be enforced strictly according to its terms[.]" *Middleton v. PNC Bank N.A.*, 2019 WL 1224621, *7 (Ky. Ct. App. 2019); citing *Hazard Coal Corp. v. Knight*, 325 S.W.3d 290, 298 (Ky. 2010) (quoting *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 106 (Ky. 2003)). Further,

> [G]eneral principles of contract construction apply equally to indemnification agreements. "The right of an indemnitee to recover of the indemnitor under a contract of indemnity according to the terms of such a contract is well recognized. Such a contract is not against public policy and will be enforced if the indemnitee has suffered loss thereunder and has complied with its terms."

*United States Fidelity & Guaranty Co. v. Napier Elec. & Constr. Co.*, 571 S.W.2d 644, 646 (Ky. App. 1978) (quoting *National Surety Corp. v. Peoples Milling Co.*, 57 F.Supp. 281, 282 (W.D. Ky. 1944) ); *Thompson v. The Budd Co.*, 199 F.3d 799, 807 (6th Cir. 1999) (holding that an indemnitor's liability "shall be determined by the provisions of the indemnity agreement itself").

However, it should be noted that "*any* award of an attorney fee is subject to a determination of reasonableness by the trial court." *Capitol Cadillac Olds, Inc.*, 813 S.W.2d 287, 293 (Ky. 1991). This is true even when the contract language itself does not include the word "reasonable."

*Middleton v. PNC Bank N.A.,* 2019 WL 1224621, *8 (Ky. Ct. App. 2019). As such, under Kentucky law, a trial court must "require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Id,* citing *A & A Mech., Inc.*, 998 S.W.2d 505, 514 (Ky. Ct. App. 1999).

Here, the Contractor Agreement between Big Binder and Darling provides:

> [Big Binder] shall protect, defend, hold harmless and indemnify Darling . . .from and against all actions, claims, liability, damages, losses and expenses, including without limitation, attorney's fees, to the extent relating to or resulting from performance of the Work, caused in whole or in part by acts or omissions of Big Binder [or] . . . anyone directly or indirectly employed by them. . ..

In its motion, Darling argues that the Contractor Agreement's broad construction encompasses the expenses and attorneys' fees it has incurred in this declaratory judgment action, because Darling would not be involved in this suit but for Big Binder's accident which ultimately caused this insurance dispute. Big Binder disagrees in its response, arguing that because Darling intervened in the action, and was not a named defendant in the suit when it was filed, Darling is not entitled to indemnity for expenses and attorneys' fees arising out of this matter.

Applying Kentucky law to the contract provision as written, Darling is entitled to expenses and attorneys' fees incurred in this declaratory judgment suit. Simply stated, Darling would not have incurred these legal fees had Big Binder not injured several people in the 2018 accident. Big Binder's argument that because Darling "s[ought] to make itself a party" to this action, it waived any claim to indemnity is misguided. Darling is the *named insured* to the policy at issue in this case – it is likely that they should have been named as a party from the outset. As a result, the Court finds that Darling is entitled to indemnity for its expenses and attorneys' fees incurred in the

8

resolution of this declaratory judgment action, subject to a finding that they are reasonable as required under Kentucky law.

**IT IS HEREBY ORDERED** that [18] Plaintiffs' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS HEREBY ORDERED** that [34] Defendant Liberty Mutual Fire Insurance Company's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART.**

**AND IT IS HEREBY ORDERED** that [55] Intervenor's motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART.**

This the 10th day of February, 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**