# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **BIG BINDER EXPRESS, LLC AND RAYMOND GOODLIN,** | **PLAINTIFFS** |
| V. | NO: 3:19CV22-M-P |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY; et al.** | **DEFENDANTS** |
| **DARLING INGREDIENTS, INC.** | **INTERVENOR PLAINTIFF** |
| V. | |
| **TABB ROSS, JEFF CRABTREE, TRI-STATE IDEALEASE, INC. and TRI-STATE INTERNATIONAL TRUCKS** | **INTERVENOR DEFENDANTS** |

### ORDER

Presently before the Court is Intervenor Darling Ingredients, Inc.'s ("Darling") motion for award of post-appeal attorneys fees [131] and Big Binder Express, LLC's ("Big Binder") motion to dismiss the Supplemental Intervenor Complaint [145].

As succinctly explained by the intervenor, on February 10, 2020 this Court entered a Memorandum Opinion and Order [90] deciding several issues, including that Darling's fees and expenses incurred in this action are owed by Big Binder, subject to the Court's determination of reasonableness under Kentucky law. The Fifth Circuit then vacated and remanded one ruling in the Court's February 10, 2020 Order without touching the issue of attorney's fees. [122] The Fifth Circuit's Opinion resulted in additional briefing of an issue this Court had originally deemed moot. As a result, the instant motion for attorneys fees was born. However, after the motion for post appeals attorneys fees was filed by Darling, Big Binder filed a motion for extension of time, which

1

was the first time it appeared on the record that Big Binder had dissolved and terminated its corporation status in Tennessee.

As a result of Big Binder's termination, clearly done to skirt liability for both the $1 million dollars deductible and the attorneys' fees sought, Darling moved for leave to file a supplemental complaint. The Court granted this request and reopened the case. On September 21, 2021 Darling filed its Supplemental Complaint naming the members and managers of Big Binder in addition to naming the corporation. In response, Big Binder filed its motion to dismiss.

## Discussion

First, the Court must address a dissolved and terminated Tennessee corporation's litigation status, before determining what, if any amount, is owed by Big Binder in this case and whether the Supplemental Intervenor Complaint is due to be dismissed.

**I.     Litigation Status of Dissolved/Terminated Tennessee Corporation**

In both the motion for attorney's fees and in the motion to dismiss, Big Binder attempts to argue that because the corporation was dissolved and terminated, they can just dust off their hands and walk away from this litigation which preceded its dissolution. Tennessee Code Annotated §48-249-614 states otherwise:

> When the articles of termination have been filed with the secretary of state, the existence of the LLC is terminated, except that the termination of the LLC existence shall not take away or impair any remedy of or against the LLC or its members, directors, managers or officers for any right or claim existing, or any liability incurred, prior to such termination. Any such action or proceeding by or against the LLC may be prosecuted or defended by the LLC in its LLC name. The members, directors, managers or officers, as applicable, shall have the power to take such LLC or other action, as may be appropriate, to protect such remedy, right or claim.

And Tennessee Code Annotated §48-245-1201 adds "[a]fter an LLC has been terminated, any of its former managers, governors, or members may assert or defend, in the name of the LLC, any

2

claim by or against the LLC." In addition to these two statutes, there are multiple cases, both state and federal, which make clear that litigation pending against a company when it dissolves or is terminated does not suddenly end and cut off liability for the company and/or its members. *See ARC LifeMed, Inc. v. AMC-Tennessee, Inc.,* 183 S.W.3d 1, 17 (Tenn. App. 2005); *see also Adams v. Adient US LLC,* 1:18cv1179-JDB-EGB, 2019 WL 1569353, at *4 (W.D. Tenn. Apr. 11, 2019).

It is clear to this Court under Tennessee law that the termination and dissolution of Big Binder as an LLC does not terminate its status as a party in this case, and does not relieve Big Binder's members/managers of potential liability or judgments against them for sums owed. Specifically, the Supplemental Intervenor Complaint amends the suit to add the member managers of Big Binder as parties in an attempt to "pierce the corporate veil" and recover the money owed to Darling.

Big Binder and its members/managers have been aware since the accident underlying this lawsuit, which occurred in May of 2018, that they would likely have some sort of financial responsibility to the passengers they maimed and killed. Big Binder was made aware on February 10, 2020 that it was on the hook for attorneys' fees, with the amount to be determined at a later date, at the very least. Then Big Binder was dealt another financial blow when the Fifth Circuit sent this case back to this Court for determination of its responsibility for the $1 million insurance deductible which was paid in this case by Darling. This dissolution and termination is nothing more than the members/managers' attempt to evade paying the judgments it knows it owes to Darling. The Court will not allow Big Binder, its members and managers to perpetrate such a fraud.

As such, the motion to dismiss the Supplemental Intervenor Complaint is **DENIED**, and the motion for attorneys' fees and expenses will move forward to determine the amount owed.

3

II. **Attorneys Fees and Expenses**

Under Kentucky law "*any* award of an attorney fee is subject to a determination of reasonableness by the trial court." *Capitol Cadillac Olds, Inc.*, 813 S.W.2d 287, 293 (Ky. 1991). This is true even when the contract language itself does not include the word "reasonable." *Middleton v. PNC Bank N.A.,* 2019 WL 1224621, *8 (Ky. Ct. App. 2019). As such, under Kentucky law, a trial court must "require parties seeking attorney fees to demonstrate that the amount sought is not excessive and accurately reflects the reasonable value of bona fide legal expenses incurred." *Id,* citing *A & A Mech., Inc.*, 998 S.W.2d 505, 514 (Ky. Ct. App. 1999). In Kentucky, "a counsel's reasonable hours, multiplied by a reasonable hourly rate . . provides a 'lodestar' figure, which may then be adjusted to account for various special factors in the litigation." *Meyers v. Chapman Printing Co.,* 840 S.W.2d 814, 826 (Ky. 1992). In arriving at its lodestar figure, the court must provide "a concise but clear explanation for its reasons for the fee award," which at a minimum requires express calculation. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *See also In re Boddy,* 950 F.2d 334, 338 (6th Cir. 1991).

Here, Darling's attorneys submitted their unredacted bills totaling $16, 683.97 to the Court for in camera review. The bills appear reasonable. Additionally, the breakdown of 44.25 hours, billed at a rate of $350.00 per hour, totaling $15,497.50 in addition to $1,186.47 in expenses charged does indeed total $16,683.97. This lodestar calculation, and the Court's in camera review of the billing entries, satisfies the requirements of Kentucky pertaining to awards of attorneys fees and expenses.

As such, the Court finds that the motion for award of post-appeal attorneys fees is **GRANTED** and $16,683.97 should be awarded to Darling, to be paid by Big Binder, or its members and managers should the corporation itself be insolvent.

### III.    In the Alternative, Big Binder's Motion to Withdraw as Counsel

As a last-ditch effort, in a single sentence in its response to the motion for attorneys' fees, Big Binder's counsel "renew[ed] their request to withdraw as counsel of record in this matter, in that there is no party for the undersigned to represent." [142, ¶ 5] However, this issue has already been raised in a separate motion, and an Order [136] entered by the Magistrate Judge instructed counsel that his motion to withdraw was defective. Specifically, the Order specified that he has not complied with the provisions of L.U.Civ.R. 83.1(b)(3). Big Binder's counsel has not cured those defects and this request must be **DENIED.**

As such, Intervenor Darling Ingredients, Inc.'s motion for award of post-appeal attorneys' fees [131] is **GRANTED,** Big Binder is directed to pay Darling that $16,683.97 in post-appeal attorneys' fees and expenses; and Big Binder Express, LLC's motion to dismiss the Supplemental Intervenor Complaint [145] is **DENIED**.

This the 3rd day of November, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

5