IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPPI
OXFORD DIVISION

BIG BINDER EXPRESS, LLC, AND
RAYMOND GOODLIN                                                                PLAINTIFFS

V.                                            CIVIL ACTION NO. 3:19-cv-022-NBB-RP

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, NORTHLAND INSURANCE COMPANY,
KEITH GLOVER, AND DAVIAN LEE, INDIVIDUALLY,
AND AS PERSONAL REPRESENTATIVE OF
GERALD GLOVER, DECEASED, AND ON BEHALF
OF ALL OTHERS ENTITLED TO RECOVER
UNDER THE WRONGFUL DEATH AND
SURVIVAL STATUTE                                                                DEFENDANTS

DARLING INGREDIENTS                                                    INTERVENOR PLAINTIFF

V.

TAB ROSS, JEFF CRABTREE,
TRI-STATE IDEALEASE, INC., AND
TRI-STATE INTERNATIONAL TRUCKS, INC.                           INTERVENOR DEFENDANTS

## ORDER DENYING MOTIONS TO DISMISS

This cause comes before the court upon the motions to dismiss for lack of personal jurisdiction filed by the intervenor defendants pursuant to Federal Rule of Civil Procedure 12(b)(2). Upon due consideration, the court finds that the motions are not well taken and should be denied.

<u>Factual Background and Procedural Posture</u>

This case arises from a multi-automobile accident occurring in Mississippi on May 14, 2018, involving a tractor belonging to intervenor defendant Tri-State Idealease and leased by plaintiff Big Binder Express, LLC, which was transporting product for intervenor plaintiff Darling Ingredients in a trailer owned by Darling. As a result of the accident, one Mississippi

citizen was killed and several others were injured. Two personal injury lawsuits arising out of the accident were filed in this court. Both cases named, among others, plaintiff Big Binder Express and intervenor defendant Tri-State Idealease, Inc., as defendants. In its answer to the complaints filed in the underlying actions, Tri-State Idealease expressly admitted that it leased the subject tractor to Big Binder, that the underlying accident occurred in the State of Mississippi, and "that this Court has personal jurisdiction over Tri-State."

This court held a settlement conference in the underlying suits on June 13, 2019. Intervenor defendants Tab Ross and Jeff Crabtree attended and participated on behalf of themselves, Big Binder, and the Tri-State companies without objection to this court's jurisdiction over them. The settlement conference resulted in five separate agreements to terminate the underlying suits and settle all claims arising from the trucking accident. Each of the Mississippi personal injury representatives expressly released all claims against "Tri-State Idealease, Inc., Tri-State International, Inc., Tri-State International Trucks, Inc…Tab Ross, [and] Jeff Crabtree." The inclusion of Ross, Crabtree, and Tri-State International, who were not parties in the underlying suits, was insisted upon by the Tri-State companies' counsel.

While the underlying suits were pending, Big Binder filed this related declaratory judgment action in this court, seeking to establish that Darling's insurer, Liberty Mutual Fire Insurance Company, was required to indemnify Big Binder in the underlying suits. Darling intervened in this action because Big Binder's claims exposed Darling to a potential one-million-dollar insurance deductible payment. Darling brought the intervenor action against the Tri-State companies and Ross and Crabtree, who are two of its three owners, to hold them jointly and severally liable for Darling's deductible obligation to Liberty. The deductible obligation arose

out of Liberty's contribution to the settlement of the underlying claims asserted against Darling, Tri-State, and Big Binder. Big Binder's sole members and managers were Ross and Crabtree.

Liberty, Big Binder, and Darling each filed summary judgment motions to determine whether the Liberty policy's deductible endorsement was enforceable. Darling also sought a declaration that, if any deductible obligation existed, Big Binder was required to pay it under the indemnification and "hold harmless" provisions included in the independent contractor agreement executed between Big Binder and Darling. In ruling on the summary judgment motions, this court adjudicated, inter alia, that Liberty was owed no deductible under the subject insurance policy. The court's ruling thereby mooted the issue of Big Binder's obligation to indemnify Darling for the one-million-dollar deductible. That issue was found moot and was expressly not adjudicated by this court.

Liberty noticed its appeal of the court's ruling against it on March 27, 2020. On appeal, the Fifth Circuit vacated this court's decision on the deductible issue and held that it was enforceable against Darling. Because the indemnification issue between Big Binder and Darling had been deemed moot by this court, the Fifth Circuit did not consider the issue in its ruling. The Fifth Circuit issued its mandate on February 23, 2021, and directed this court to enter findings consistent with the appellate decision.

Eight days after the issuance of the mandate and without notifying Darling or this court, Ross filed a notice of Big Binder's dissolution with the Tennessee Secretary of State on March 3, 2021. The notice stated that the action was being taken "without a meeting" of the members. Later, on July 14, 2021, Ross filed Articles of Termination of Big Binder with the Tennessee Secretary of State. Therein Ross acknowledged that "known and potential creditors and claimants of the company have not been notified of its dissolution…." Shortly thereafter, on

July 22, 2021, this court entered an order finding that Big Binder was contractually obligated to pay Darling's deductible and directed Big Binder to do so. On July 30, 2021, following the court's order directing this payment, Big Binder's counsel informed Darling's counsel for the first time that the company had been dissolved five months earlier.

It is uncontested that while Liberty's appeal was pending before the Fifth Circuit, Big Binder and Tri-State International obtained over $900,000 from the federal government in now-forgiven Covid-relief loans. Big Binder dissolved only four months after the federal funds were obtained and distributed.

Consistent with this court's prior rulings, Darling filed its Motion for Award of Post-Appeal Attorney Fees on August 18, 2021. Big Binder sought and was granted two extensions of time to respond to the motion. When it ultimately did respond, Big Binder did not substantively oppose Darling's entitlement to, or the reasonableness of, the amounts requested. Instead, Big Binder responded, without citing authority, that because it had filed dissolution and termination notices with the Tennessee Secretary of State, Big Binder "does not exist," "is a non-entity," and therefore "Darling cannot recover…."

On September 16, 2021, Darling moved for leave to file the Supplemental Complaint in this action, asserting that Ross, Crabtree, Tri-State Idealease, and Tri-State International were alter egos of Big Binder, that Big Binder was intentionally undercapitalized and underinsured, and that the dissolution and termination of Big Binder were fraudulent maneuvers taken to avoid judgments of this court. The motion was granted, and the Supplemental Complaint was filed. On October 4, 2021, Big Binder moved to dismiss, again asserting that its termination eliminated any "case or controversy" between Big Binder and Darling, such that Big Binder was immunized from liability and excused from further participation in this action. This court subsequently

entered an order granting Darling's motion for post-appeal fees and denying Big Binder's motion to dismiss the Supplemental Complaint, noting under applicable law that a company does not evade liability or judgment by effecting a dissolution.

Ross and Crabtree then filed the present motions to dismiss for lack of personal jurisdiction followed shortly by the Tri-State companies' filing their own motions. The movants all assert that they lack minimum contacts with the State of Mississippi.

Standard of Review

Under Rule 12(b)(2), when a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court possesses personal jurisdiction over the defendant. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985). In determining whether a prima facie case for personal jurisdiction has been established, the allegations of the complaint, unless controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiff. *Id*. This does not limit the court to consider only the plaintiff's assertions in his or her complaint, but instead it allows the court also to consider documents in the record at the time the motion is filed. *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). *See also*, *Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002); *Kee v. Howard L. Nations, P.C.*, 4:20- CV-127-SA-JMV, 2021 WL 4449986, at *2 (N.D. Miss. Sept. 28, 2021).

Analysis

A two-step process is employed to determine whether a federal district court may exercise personal jurisdiction over a non-resident defendant in diversity cases. "First, the law of the forum state must provide for the assertion of such jurisdiction; and second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment Due

Process Clause." *Thompson*, 755 F.2d at 1166. *See also*, *Wilmington Tr., N.A. v. Lincoln Benefit Life Co.*, 328 F. Supp. 3d 586, 589 (N.D. Miss. 2018). In determining whether the law of Mississippi provides for the assertion of personal jurisdiction over a non-resident defendant, the court applies Mississippi's long-arm statute, which provides that anyone

> who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

The Due Process Clause of the Fourteenth Amendment limits the power of a state court to exert personal jurisdiction over a nonresident defendant. "[T]he constitutional touchstone…remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). *See also*, *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475. What constitutes "minimum contacts" depends on whether the basis for jurisdiction relates to the claim asserted against the non-resident. In this regard, personal jurisdiction may be "specific" or "general." To establish specific personal jurisdiction, a plaintiff must make a prima facie showing of minimum contacts by making a claim arising from the defendant's contact with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). A federal district court may exercise specific jurisdiction over a non-resident defendant only if (1) he purposefully directed his activities toward the forum state or performed some act by which he purposefully availed himself

of the privileges of conducting activities in the forum; (2) the plaintiff's claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Id.* Under the three-prong test for establishing specific personal jurisdiction, the plaintiff bears the burden of satisfying the first two prongs of the test, but if the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir.2004) (quoting *Burger King*, 471 U.S. at 476–78).

By contrast, the plaintiff in cases of general jurisdiction does not allege that his claim arose from the defendant's contacts with the forum. In such cases, the plaintiff must show that the defendant's contacts are "continuous and systematic," so that the exercise of jurisdiction is proper regardless of the claim's relationship to the defendant's contact with the forum. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952); *Wilmington Tr., N.A. v. Lincoln Benefit Life Co.*, 328 F. Supp. 3d 586, 589-90 (N.D. Miss. 2018).

Where the claims asserted are in the nature of "alter ego" and "veil piercing" of a corporate defendant, personal jurisdiction under the two-step analysis is established against a non-resident if personal jurisdiction exists with respect to the subject company. Consistently, Mississippi long arm jurisdiction against a non-resident is satisfied where "the plaintiff…make[s] sufficiently particularized allegations demonstrating the applicability of the piercing doctrine to the facts of the case." *N. Am. Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.*, 592 F. Supp. 875, 879 (N.D. Miss.1984).

This court's holding in *Inland Shoe* was adopted by the Mississippi Supreme Court in *Canadian Nat. Ry. Co. v. Waltman*, 94 So. 3d 1111, 1116 (Miss. 2012), which affirmed denial of an alleged alter ego's Rule 12(b)(2) motion where the complaint set forth factual allegations

7

supporting alter ego liability and/or fraudulent transfer with sufficient detail. Following these authorities, the court in *Jordan v. Maxfield & Oberton Holdings, LLC*, 173 F. Supp. 3d 355, 359 (S.D. Miss. 2016), held that where the complaint made sufficient allegations of "fraud and inequitable conduct," and where the court was concerned that permitting the action to proceed without the company's alleged alter ego "could sanction a fraud," the company's jurisdictional contacts were to be imputed to the alleged contacts of the alter ego.

"[T]he law of the state of incorporation applies in determining whether it is appropriate to pierce the corporate veil." *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 646 (5th Cir. 2002). Since Big Binder is a Tennessee LLC, the veil piercing law of that state controls to determine the sufficiency of the Supplemental Complaint's veil piercing and alter ego pleading.

Under Tennessee law:

> Factors to be considered in determining whether to disregard the corporate veil include not only whether the entity has been used to work a fraud or injustice in contravention of public policy, but also: (1) whether there was a failure to collect paid in capital; (2) whether the corporation was grossly undercapitalized; (3) the non-issuance of stock certificates; (4) the sole ownership of stock by one individual; (5) the use of the same office or business location; (6) the employment of the same employees or attorneys; (7) the use of the corporation as an instrumentality or business conduit for an individual or another corporation; (8) the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another; (9) the use of the corporation as a subterfuge in illegal transactions; (10) the formation and use of the corporation to transfer to it the existing liability of another person or entity; and (11) the failure to maintain arms-length relationships among related entities.

*Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 215 (Tenn. 2012) (citing *FDIC v. Allen*, 584 F. Supp. 386, 397 (E.D. Tenn. 1984)). Generally, no one factor is conclusive in determining whether to pierce the corporate veil; rather, courts will rely upon a combination of factors in deciding the issue. *Id.* (citing *Oceanics Schools, Inc. v. Barbour*, 112 S.W.3d 135, 140 (Tenn. Ct. App. 2003)). The Supplemental Complaint in the case *sub judice* includes factual allegations

8

supporting every one of the "*Allen*" factors considered in determining whether to pierce a Tennessee corporate veil. None of the defendants here assert otherwise. As such, each of the defendants' 12(b)(2) motions must be denied.

Each of the defendants' motions is predicated on the typical sworn lack of individual and discrete connections to the forum, with all defendants testifying that they have never had personal or business dealings within this state. Among the rote representations contained therein, Ross and Crabtree testify that they have never entered into contracts with Mississippi residents, never purposefully availed themselves of any benefit or protection in Mississippi, and never purposefully directed activities towards this state. The record before the court indicates the falsity of these assertions, but even if these representations are true, the movants' personal jurisdiction is largely predicated on the uncontradicted fact that each of the movants is an alter ego of Big Binder. Because the Supplemental Complaint states proper veil piercing claims, "the jurisdictional contacts of [Big Binder] are the jurisdictional contacts of the other [defendants]." *Patin*, 294 F.3d at 653. No one disputes that this court has personal jurisdiction over Big Binder, which committed a tort, did business, and entered into a contract to be performed in whole or in part in Mississippi. Accordingly, the motions to dismiss should be denied.

Though the foregoing analysis requires denial of the intervenor defendants' motions to dismiss, the court also notes that at the very least defendant Tri-State Idealease's involvement in the underlying personal injury actions and participation in the proceedings related thereto warrant this court's exercise of personal jurisdiction over it. It bears repeating that Tri-State admitted in its answer to those actions that "this Court has personal jurisdiction over Tri-State." Having already ruled that the defendants' motions are without merit for other reasons, however, the court makes no official finding in this regard.

9

Conclusion

In accordance with the foregoing analysis, the court finds that the intervenor defendants' motions to dismiss the Supplemental Complaint should be and the same are hereby **DENIED**.

**SO ORDERED** this 26th day of September, 2022.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE